IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDIBLE ARRANGEMENTS, LLC, and EDIBLE ARRANGEMENTS INTERNATIONAL, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TOM DRUMMOND and EDIBLE CREATIONS, LLC<br><br>Defendants. | Case No.<br><br>**JURY DEMAND** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COME NOW Plaintiffs Edible Arrangements, LLC ("EA"), and Edible Arrangements International, LLC ("EAI") (collectively, "Plaintiffs"), by counsel, Barrett & McNagny, LLP, and for their Complaint against Defendants Tom Drummond and Edible Creations, LLC, ("Defendants") states as follows:

**I.     Parties, Jurisdiction, & Venue**

1.     Plaintiff EA, is a Connecticut limited liability company with its principal place of business in Wallingford, Connecticut.

2.     Plaintiff EA owns trademarks and copyrights related to the promotion, advertisement, and sale of fresh fruit arrangements.

3.     Plaintiff EAI is a Delaware limited liability company with its principal place of business in Wallingford, Connecticut.

4.     On information and belief, Defendant Tom Drummond is a citizen of the State of Indiana and a resident of Allen County, Indiana.

5. On information and belief, Defendant Edible Creations, LLC is an Indiana limited liability company with its principal place of business at 717 Broadway, New Haven, Allen County, Indiana.

6. On information and belief, Drummond is the owner and operator of Defendant Edible Creations, LLC.

7. Defendants have advertised, promoted, and sold fruit arrangements in Allen County, Indiana using the phrase "Edible Creations," which is confusingly similar to registered trademarks owned by EA and licensed to EAI.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a), which provides the Court with original jurisdiction of civil actions "under any Act of Congress relating to . . . copyrights and trademarks."

9. This Court additionally has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides the Court with original jurisdiction of all civil actions arising under the laws of the United States.

10. This Court additionally has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), which provides that in any civil action in which this Court has original jurisdiction, this Court shall also have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue in this Court and District is appropriate pursuant to 28 U.S.C. § 1400(a), which provides for venue in copyright actions in "the district in which the defendant or his agent resides." Defendants reside in Allen County, Indiana.

1255985

12. Venue in this Court and District is also appropriate pursuant to 28 U.S.C. § 1391(b), which provides for venue in "a judicial district where any defendant resides, if all defendants are residents of the State in which the District is located." In this case, all Defendants are residents of the State of Indiana. Both Defendants reside in Allen County, Indiana, which is located within this District.

## II. Factual Background

13. For fifteen years, EAI has been the leader in production and distribution of fresh fruit arrangements and chocolate-covered fruit.

14. EA is the owner of the well-known and famous "EDIBLE ARRANGEMENTS" brand, and associated registered trademarks (the "Marks").

15. EA has licensed the Marks to EAI for use and for sublicensing through EAI's franchising program.

16. Since 1998, EAI has been using the "EDIBLE ARRANGEMENTS" phrase, together with a variety of related EDIBLE and EDIBLE ARRANGEMENTS design marks, in commerce in connection with various food products, including, by way of illustration, fruit cut to look like flowers and arranged in containers as floral designs, fruit salads, processed fruit, fruit sauces, fruit juices, smoothies, and chocolate covered fruit (the "EA Products and Services"). EAI operates a franchise network consisting of over 1200 independent owner-operated franchise locations throughout the United States and internationally, and sublicenses the Marks in connection with franchisees providing EA Products and Services to consumers.

17. EA has successfully registered[1] the following Marks with the United States Patent and Trademark Office:

---

[1] EA has also applied for federal registration for the marks "Fresh Fruit by Edible Arrangements" (Application Ser. No. 85600425) and "Edible Arrangements Fruit for Every Occasion" (Application Ser. No. 85795596) on an intent-

3

1255985

| | |
|---|---|
| *Edible Arrangements* (logo) | Reg. No. 3141566 |
| EDIBLE ARRANGEMENTS | Reg. No. 2934715 |
| *Edible Arrangements* (logo) | Reg. No. 3844161 |
| EDIBLE ARRANGEMENTS | Reg. No. 3844160 |
| EDIBLE ARRANGEMENTS | Reg. No. 2356362 |
| EDIBLE ARRANGEMENTS | Reg. No. 4328107 |
| EDIBLE CARES | Reg. No. 4471794 |
| *Edible To Go* (logo) | Reg. No. 4300422 |
| EDIBLE TO GO | Reg. No. 4068508 |
| FRUTATION BY EDIBLE ARRANGEMENTS | Reg. No. 3888967 |
| FANCY FRUIT BY EDIBLE ARRANGEMENTS | Reg. No. 3847142 |
| FRUTATION BY EDIBLE ARRANGEMENTS | Reg. No. 3548815 |
| EDIBLE NUMBERS | Reg. No. 3545605 |

to-use basis. These marks have been allowed by the U.S. Trademark Office pending EA's provision of proof of use in commerce.

4

1255985

| EDIBLE BRANDS | Reg. No. 3654276 |
| --- | --- |
| LITTLE EXPRESSIONS BY EDIBLE ARRANGEMENTS | Reg. No. 3594848 |
| GET FRESH WITH EDIBLE ARRANGEMENTS! | Reg. No. 3452283 |
| THE EDIBLE ARRANGEMENTS CORPORATE COLLECTION | Reg. No. 3579381 |
| EDIBLE | Reg. No. 4319940 |

18. In the U.S., the EA Products and Services are marketed and sold through use of the Marks. The Marks are registered in connection with various aspects of the EA Products and Services, centered on fresh fruit and cut fresh fruit arrangements reminiscent of floral arrangements and chocolate covered fruit.

19. By virtue of the extensive use and promotion of the Marks in commerce for over 15 years, EA has established valuable and extensive goodwill in and related to the Marks in connection with the offering and sale of EA Products and Services. The public has come to associate the Marks with EA and with the EA Products and Services.

20. Through advertisement, promotion, and long-term use in commerce, the Marks became well-known to the purchasing public long before Defendants' first use in commerce of the infringing names "Edible Creations" and "Edible Creations Creator of Edible Floral Arrangements."

21. On August 23, 2013, Defendant Edible Creations, LLC attempted to register the following mark with the United States Patent and Trademark Office:



(Application Ser. No. 86046345) ("Infringing Name").

22.     This application claimed that Edible Creations, LLC first used this mark in commerce on August 1, 2013 in connection with "processed fruit for use in creating edible floral arrangements made of the processed fruit."

23.     On or about September 13, 2013, Plaintiffs sent a cease-and-desist letter demanding that Edible Creations, LLC cease its infringement of the Marks. A true and accurate copy of the September 13, 2013 cease and desist letter is attached hereto and incorporated herein by reference as Exhibit A.

24.     On April 9, 2014, EA filed an opposition before the Trademark Trial and Appeal Board challenging the registration of the Infringing Name on the grounds of deceptiveness, false suggestion of a connection between Edible Creations, LLC and EA, likelihood of confusion between Edible Creations, LLC and EA, dilution, misdescriptiveness, and fraud.

25.     Edible Creations, LLC did not respond to the opposition. On July 24, 2014, the Trademark Trial and Appeal Board entered a default, entered judgment against Edible Creations, LLC, sustained EA's opposition, and refused registration of the application to register the Infringing Name.

26.     Even after losing the opposition, Defendants continued to use the Infringing Name and related designs and images in commerce to promote their fruit-related products.

1255985

27.  Upon information and belief, since at least as early as August 1, 2013, Defendants have used the phrase "Edible Creations," "Creators of Edible Floral Arrangements," and the Infringing Name in advertising locally in the Allen County area. For example, Defendants have run a "Moneysaver" Ad using the Infringing Name in both advertising and coupons promoting "Fresh Fruit Bouquets" and "Arrangements." A true and accurate copy of one such Moneysaver Ad is attached hereto as Exhibit B.

28.  Defendants have, additionally, used the phrase "Edible Creations" and the Infringing Name on the sides of vehicles used in Defendants' business. A true and accurate copy of a photograph of one such vehicle is attached hereto as Exhibit C.

29.  Defendants have, additionally, used the phrase "Edible Creations" and the Infringing Name on the website https://www.facebook.com/pages/Edible-Creations/553030321451098 (last viewed September 30, 2014), which promoted Defendants' business. A true and accurate copy of a screenshot of this web page is attached hereto as Exhibit D.

30.  EA additionally owns a registered copyright in a sculpture known as the "Hearts and Berries Fruit Design." ("HBF Design"). A true and accurate copy of the HBF Design, and EA's federal copyright registration of the same, is attached hereto as Exhibit E.

31.  Defendants have, without authorization from EA, reproduced and displayed the HBF Design in print and on the internet, on print advertising, and on vehicles. An unauthorized image of the HBF Design is displayed by Defendants, for example, in the Moneysaver Ad attached as Exhibit B. Further, Defendants' have displayed the HBF Design without authorization prominently on the sides of vehicles, as shown in Exhibit C. Defendants have further displayed the HBF Design on the Edible Creations Facebook page, as shown in Exhibit D.

7

1255985

### III. Trademark Infringement

32. Paragraphs 1-31 are restated and incorporated as if set forth fully herein.

33. Defendants have used and continue to use in commerce confusingly similar imitations of the Marks. Defendants' use of words and images confusingly similar to the Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' fruit products are manufactured or sold by EA, that Defendants' products are associated with EA, or that Defendants' products have the sponsorship, endorsement, or approval of EA.

34. Defendants use of marks confusingly similar to the Marks is a violation of 15 U.S.C. § 1114. Unless enjoined by this Court, Defendants' activities will continue to cause a likelihood of confusion and deception among members of the trade and public, as well as injury to the goodwill developed by EA and EA's reputation. EA has no adequate remedy at law for such injuries.

35. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill developed by EA and associated with the Marks.

36. Defendants have caused and are likely to continue to cause substantial injury to the public and to EA.

37. Pursuant to 15 U.S.C. §§ 1114, 1116, and 1117, EA is entitled to injunctive relief, as well as judgment in the amount of Defendants' profits, EA's actual damages, punitive damages, attorneys' fees, and costs.

### IV. False Designation of Origin

38. Paragraphs 1-37 are restated and incorporated as if set forth fully herein.

39. Defendants have used and continue to use in commerce confusingly similar imitations of the Marks. Defendants' use of words and images confusingly similar to the Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' fruit products are manufactured or sold by EA or EAI, that Defendants' products are associated with EA or EAI, or that Defendants' products have the sponsorship, endorsement, or approval of EA or EAI.

40. Defendants' conduct, as described above, constitutes a false designation of origin and is likely to cause confusion, mistake, or deception among the consuming public concerning the origin, sponsorship, or approval of Defendants' goods and commercial activities.

41. Both EA, as the owner of the Marks, and EAI, as an entity making use in commerce of the Marks, are likely to be damaged, and have in fact been damaged, by Defendants' conduct.

42. Defendants' conduct constitutes a violation of 15 U.S.C. § 1125(a). Unless enjoined by this Court, Defendants' activities will continue to cause a likelihood of confusion and deception among members of the trade and public, as well as injury to the goodwill developed by EA and by EAI, as well as EA and EAI's reputations. Plaintiffs have no adequate remedy at law for such injuries.

43. Defendants' actions demonstrate an intentional, willful, and malicious intent to mislead and deceive the consuming public regarding the origin, sponsorship, or approval of Defendants' goods and commercial activities.

44. Defendants have caused and are likely to continue to cause substantial injury to the public and to Plaintiffs.

45. Plaintiffs are entitled to injunctive relief, as well as judgment in the amount of Defendants' profits, Plaintiffs' actual damages, punitive damages, attorneys' fees, and costs.

1255985

## V.   Dilution

46.   Paragraphs 1-45 are restated and incorporated as if set forth fully herein.

47.   The Marks at issue in this litigation, and particularly EA's seminal "Edible Arrangements" marks, are well-recognized by the consuming public as a designation of source of origin of the EA Products and Services. The Marks, and particularly EA's seminal "Edible Arrangements" marks have been in broad geographic use, and have been used extensively, for more than 15 years. The Marks are widely and actually recognized in connection with the EA Products and Services. The Marks are distinctive. As such, these Marks, and particularly EA's seminal "Edible Arrangements" marks are famous pursuant to 15 U.S.C. § 1125(c)(2).

48.   Upon information and belief, Defendants' use of the Infringing Name and the "Edible Creations" name were first used in commerce by Defendants after October 6, 2006.

49.   Defendants have used and continue to use in commerce highly similar imitations of the Marks. Defendants' use of words and images confusingly similar to the Marks is likely to impair the distinctiveness of the Marks, and particularly the famous "Edible Arrangements" marks.

50.   Further, Defendants' use of words and images that are confusingly similar to the Marks is likely to harm the reputation of the Marks, particularly the famous "Edible Arrangements" marks.

51.   Defendants, by reason of dilution by blurring, willfully intended to trade upon the recognition of EA's famous "Edible Arrangements" marks.

52.   Defendants, by reason of dilution by tarnishment, willfully intended to harm the reputation of EA's famous "Edible Arrangements" marks.

1255985

53. In light of the history of Defendants' conduct, it is clear that Defendants intend to create an association between their own infringing uses of highly similar marks (like the Infringing Name) and EA's famous "Edible Arrangements" marks.

54. Defendants' conduct constitutes dilution by tarnishment and dilution by blurring pursuant to 15 U.S.C. § 1125(c).

55. EA is likely to be damaged, and has in fact been damaged, by Defendants' conduct.

56. Unless enjoined by this Court, Defendants' activities will continue to dilute the Marks. EA has no adequate remedy at law for such injuries.

57. Defendants have caused and are likely to continue to cause substantial injury to the public and to Plaintiffs.

58. Pursuant to 15 U.S.C. §§ 1125(c), 1116, and 1117, EA is entitled to injunctive relief, as well as judgment in the amount of Defendants' profits, EA's actual damages, punitive damages, attorneys' fees, and costs.

### VI. Copyright Infringement

59. Paragraphs 1-58 are restated and incorporated as if set forth fully herein.

60. On or about January 24, 2000, Plaintiffs obtained a copyright registration for a dimensional sculpture of the HBF Design. A copy of EA's registration for the HBF Design with the U.S. Copyright Office is attached hereto and incorporated by reference as Exhibit E.

61. Despite Plaintiffs' ownership of the HBF Design, Defendants have unlawfully reproduced and publicized images depicting the HBF Design to promote their own business. Specifically, one or more Defendants are using vehicles displaying images of the HBF Design on a vehicle. A photograph of a truck owned by one or more Defendants is attached hereto and incorporated herein by reference as Exhibit. C. Defendants have further reproduced and

published images of the HBF Design in "Moneysaver" Ads in and around Allen County Indiana, as shown in Exhibit B. Defendants have further reproduced and published the HBF Design on the Internet, specifically on its website www.edible-creations.net, as shown in Exhibit F herein, and on its Facebook® page at web page https:// www.facebook.com/pages/Edible-Creations/553030321451098, as shown in Exhibit D herein. Defendants' unauthorized reproductions of images of the HBF Design were made for the purpose of commercially exploiting the HBF Design.

62. EA is, and at all relevant times has been, the owner of the copyrighted HBF Design.

63. Among EA's exclusive rights as copyright holder is the right to reproduce and to display the HBF Design, and the right to create, reproduce, and display derivative works depicting the HBF Design.

64. Defendants have, and continue to, reproduce and display images depicting the HBF Design without authorization and for their own profit.

65. Defendants' unauthorized use of the HBF Design constitutes copyright infringement.

66. Defendants' unauthorized use of the HBF Design has been willful and intentional, in disregard of and with indifference to the rights of EA.

67. Unless enjoined by this Court, Defendants' activities will continue to cause EA serious and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, EA is entitled to injunctive relief prohibiting Defendants from further infringement of EA's copyrights, as well as an order requiring the removal of infringing images from Defendants' vehicles, advertising, and websites, as well as impoundment of infringing materials.

1255985

68. As a result of Defendants' infringement of EA's copyright, EA is entitled to statutory or actual damages pursuant to 17 U.S.C. § 504, as well as attorneys' fees and costs pursuant to 17 U.S.C. § 505.

### VII. Unfair Competition

69. Paragraphs 1-68 are restated and incorporated as if set forth fully herein.

70. Plaintiffs possess proprietary and exclusive rights to use the Marks in commerce for the promotion of fresh fruit and fruit arrangements-related products and services.

71. Defendants' conduct, as described herein, constitutes an ongoing attempt to compete unfairly with Plaintiffs by using trade names and product names confusingly similar to Plaintiffs' proprietary trade names and product names, particularly the Marks.

72. Defendants' conduct has been for the purpose of unfairly diverting business and commerce away from Plaintiffs to Defendants by misleading the consuming public to Plaintiffs' detriment.

73. Defendants' conduct constitutes a violation of Indiana's unfair competition laws.

74. As a result of Defendants' conduct, Plaintiffs have been damaged. Plaintiffs are entitled to actual damages, punitive damages, attorneys' fees, costs, and injunctive relief to abate Defendants' unlawful conduct.

WHEREFORE Plaintiffs request:

A. Damages for trademark infringement, false designation of origin, dilution by tarnishment, and dilution by blurring, pursuant to U.S. Code Title 15, including punitive or exemplary damages, attorneys' fees and costs;

B. Statutory or actual damages pursuant to U.S. Code Title 17, including punitive or exemplary damages, attorneys' fees and costs;

1255985

C.   Damages for Defendants' unfair competition;

D.   An injunction prohibiting Defendants from further infringement of the Marks;

E.   An injunction prohibiting Defendants from further infringement of EA's copyright in the HBF Design, including an order for Defendants to remove infringing images from Defendants' vehicles, promotional materials, and websites;

F.   An order of impoundment of materials, articles, or items possessed by Defendants that infringe EA's copyrights, specifically including vehicles bearing infringing photographic reproductions of the HBF Design;

G.   An injunction prohibiting Defendants from further acts of unfair competition; and

H.   All other relief just and proper in the premises.

## JURY DEMAND

COMES NOW Plaintiff, Edible Arrangements, LLC, and Edible Arrangements International, LLC, by counsel, and request that the above-entitled cause of action be tried by a jury.

1255985

Dated:  October 9, 2014					Respectfully submitted,

							BARRETT & McNAGNY, LLP


							By:  /s/ Thomas A. Herr
							    Thomas A. Herr
							    215 E. Berry Street
							    P.O. Box 2263
							    Fort Wayne, IN 46801-2263
							    Telephone:  (260) 423-9551
							    Facsimile:  (260) 423-8920
							    E-mail:  tah@barrettlaw.com

1255985