UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDIBLE ARRANGEMENTS, LLC, et al., )<br>            )<br>    Plaintiffs,     )<br>            )<br>    v.         )<br>            )<br>THOMAS DRUMMOND, et al.,    )<br>            )<br>    Defendants.     ) | Case No. 1:14-cv-00315 |

## OPINION and ORDER

Plaintiffs filed this trademark infringement case here on October 4, 2014, against Defendants Thomas Drummond and Edible Creations, LLC. (Docket # 1.) On November 17, 2014, Thomas Drummond, proceeding pro se, filed an answer on behalf of himself and Edible Creations, LLC. (Docket # 9.)

Although Drummond may proceed pro se in this matter, Edible Creations, LLC, cannot. *See United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008); *Robinson ex rel. Ind. Reg'l Council of Carpenters Pension Trust Fund v. Vision Drywall, LLC*, No. 2:07-cv-190, 2010 WL 2674475, at *3 (N.D. Ind. June 29, 2010) ("[A] limited liability company, unlike an individual, may not proceed pro se in federal litigation."). The Seventh Circuit Court of Appeals has explained:

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. . . . But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the

benefits.

*Hagerman*, 545 F.3d at 581-82 (citations omitted).

Therefore, Edible Creations, LLC, must appear by counsel in this matter on or before December 22, 2014, or be subject to an entry of default and default judgment. *See id.*; *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002).

SO ORDERED.

Entered this 20th day of November 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge