IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDIBLE ARRANGEMENTS, LLC, and ) <br> EDIBLE ARRANGEMENTS ) <br> INTERNATIONAL, LLC ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TOM DRUMMOND and ) <br> EDIBLE CREATIONS, LLC ) <br> ) <br>     Defendants. ) | Case No. 1:14-cv-315 |

### REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), on December 9, 2014, counsel for the Plaintiff forwarded a Proposed Report of the Parties' Planning Meeting to Defendant Tom Drummond. In response, the undersigned was informed Defendants had not retained counsel, but received no direct response to the proposed dates contained herein. The proposed report has not been agreed to by Defendants.

2. Jurisdiction.

   The court has jurisdiction under 28 U.S.C. § 1338(a), § 1331 and § 1367(a).

3. Pre-Discovery Disclosures.

   __X__ The parties will exchange, *but may not file*, Rule 26(a)(1) information by February 1, 2015.[1]

4. Discovery Plan.

   The parties propose the following discovery plan.

   Discovery will be needed on the following subjects:

---

[1] The court encourages setting all deadlines on business days.

a) Defendants' use and infringement of works created by and protected by Plaintiffs' registered copyrights;

b) Plaintiff's damages and proximate cause of same;

c) Defendants' financial records as they relate to Plaintiffs' claims;

d) Defendants' use of trademarks and infringement of Plaintiffs' registered trademarks;

e) The extent of confusion created by Defendants' use of trademarks;

f) The extent of dilution of Plaintiffs' trademark caused by Defendants' infringement.

g) The extent of the injury and damages created by Defendants' infringement;

h) The extent of the injury and damages created by Defendants' unfair competition;

i) Any affirmative defenses not yet raised;

j) Expert witnesses.

Disclosure or discovery of electronically stored information should be handled as any other type of document production.

The last date to complete all discovery is   December 1, 2015.

Maximum of  30  interrogatories by each party to any other party.

Maximum of  30  requests for admission by each party to any other party, other than for authentication of documents.

Maximum of  5  depositions by plaintiff and  5  by defendants.

Each deposition is limited to a maximum of   8    hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness, disclose if the witness will be testifying at deposition or at trial, and the witness's written report by:

  August 1, 2015 for plaintiff;

   September 1, 2015 for defendants;

   October 1, 2015 for rebuttal;

   October 1, 2015 for Rule 26(e) supplements.

5. Other Items.

   The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is March 1, 2015.

   The last date the defendants may seek permission to join additional parties and to amend the pleadings is March 15, 2015.

   The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

   The case should be ready for jury trial by February 1, 2016 and at this time is expected to take approximately   7   days.

6. Alternative Dispute Resolution.

   The case's settlement prospects may be enhanced via the following ADR procedure:

   Mediation

   The parties have not agreed upon a mediator.


   BARRETT & McNAGNY LLP

   By     /s/ Thomas A. Herr
   Thomas A. Herr, #8444-02
   215 East Berry Street
   Fort Wayne, IN 46801 2263
   Phone: (260) 423 9551
   Fax: (260) 423 8920
   E Mail: tah@barrettlaw.com

   Attorneys for Plaintiffs

3

1297677